UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANTHONY R. TREJO, SID #555896, § § § Plaintiff, § § v. § § TEXAS GOVERNOR GREG S. ABBOTT, § ET AL., § § Defendants. § | SA-23-CV-01239-XR |

### ORDER

Before the Court is a post–judgment document filed by *pro se* Plaintiff Anthony R. Trejo, which the Court construes as a motion to recuse and motion for reconsideration. (ECF No. 8); *see* 28 U.S.C. § 455; Fed. R. Civ. P. 60(b). Upon review, the Court orders Trejo's motions **DENIED**. (ECF No. 8).

### BACKGROUND

Trejo filed a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Court dismissed Trejo's Complaint based on the three–strikes rule of 28 U.S.C. § 1915(g), finding Trejo had incurred three strikes and failed to establish imminent danger of serious physical injury. (ECF Nos. 4, 5); *see* 28 U.S.C. § 1915(g). Trejo now files what the Court construes as a motion to recuse the undersigned from this matter and a motion to reconsider the prior dismissal order and judgment. (ECF No. 8).

### MOTION TO RECUSE

Citing § 455 of Title 28 of the United States Code, Trejo states the undersigned should recuse himself from this matter "due to 'antagonism' and prejudice" and that another "separate

judge" should be assigned. (*Id.*). This is the extent of Trejo's argument regarding his request for recusal of the undersigned.

Trejo does not rely on any of the particular grounds set out in § 455(b) but appears to rely on the general recusal provision set out in § 455(a), which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard under § 455 is objective, that is, "whether a reasonable and objective person, knowing all the facts, would harbor doubts concerning the judge's impartiality." *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021 (per curiam) (quoting *United States v. Jordan*, 49 F.3d 788, 793–94 (5th Cir. 1995)). The decision to recuse is committed to the Court's sound discretion, and Trejo, as the moving party, bears "a heavy burden of proof" in showing that the undersigned should recuse. *See Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2003) (holding that decision whether to recuse under § 455 committed to sound discretion of court asked to recused); *Gonzales v. Hile*, No. 1:23-CV-227-MJT-CLS, 2024 WL 3010905, at *2 (E.D. Tex. Jan. 12, 2024) (finding that party moving to recuse bears heavy burden of proof in showing judge should recuse) (quoting *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 n. 9 (M.D. La. Apr. 25, 2014) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 661, 664 (8th Cir. 2003)).

A recusal inquiry is "extremely fact intensive and fact bound," requiring that the movant provide "a close recitation of the factual basis for the … recusal motion." *Jackson v. Valdez*, 852 F. App'x 129, 133 (5th Cir. 2021) (quoting *Rep. of Panama v. Am. Tobacco Co.*, 217 F.3d 343, 346 (5th Cir. 2000)), *cert. denied*, 142 S. Ct. 863 (2022). Recusal determinations "must be made from the perspective of a reasonable observer who is informed of all the surrounding facts

2

and circumstances," *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 541 U.S. 913, 924 (2004), which the Fifth Circuit has interpreted to mean that "[courts] ask how things appear to the well–informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while keeping in mind that "an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir. 1995). Recusal is proper when a court determines a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *See Sao Paolo State of Federative Rep. of Braz. v. Am. Tobacco Co.*, 535 U.S. 229, 232–33 (2002).

Section 455(a) addresses the appearance of partiality in general. *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). "[Section] 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings[.]" *Liteky v. United States*, 510 U.S. 540, 557–58 (1994) (Kennedy, J., concurring); *accord Brocato*, 4 F.4th at 302. Recusal is required "if it appears that [the judge] harbors an aversion, hostility or disposition of a kind that a fair–minded person could not set aside when judging the dispute." *Liteky*, 510 U.S. at 557–58; *accord Brocato*, 4 F.4th at 302. Succes by the party seeking recusal depends upon his ability to: (1) demonstrate that alleged comments, actions, or circumstances were of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an "objective" observer's standard. *See Andrade*, 338 F.3d at 455. The Court finds Trejo fails to carry the burden as described in *Andrade*.

As previously noted, in support of his recusal claim, Trejo states only that the undersigned should be recused "due to 'antagonism' and prejudice." (ECF No. 8). Trejo does not allege, much

less demonstrate, that the undersigned made comments, undertook actions, or circumstances existed that were of "extrajudicial" origin. (*Id.*); *see Andrade*, 338 F.3d at 455. Nor did he provide "a close recitation of the factual basis" for recusal of the undersigned. *Jackson*, 852 F. App'x at 133. He also fails to relate events that in the context of the Court's dismissal show antagonism or prejudice by any standard, much less that of an objective observer. (*Id.*); *see Andrade*, 338 F.3d at 455. Rather, the undisputed circumstances in this case are that the undersigned rendered an Order of Dismissal and Final Judgment in this matter because Trejo was subject to the mandatory three–strikes dismissal rule set out in 28 U.S.C. § 1915(g) because: (1) while incarcerated he garnered three strikes based on prior findings and dismissals;[1] and (2) he failed to show he is in "imminent danger of serious physical injury," only asserting claims relating to his prior convictions. (ECF Nos. 1, 4, 5); *see* 28 U.S.C. § 1915(g). The undersigned's dismissal in this matter does not demonstrate antagonism or prejudice toward Trejo; rather, it demonstrates a black and white application of statutory authority. No reasonable and objective person, knowing all the facts, would harbor doubts concerning the undersigned's impartiality in this matter. *See Brocato*, 4 F.4th at 301. Accordingly, the Court finds Trejo's motion to recuse should be denied.

## MOTION TO RECONSIDER

In his motion to reconsider, which given the timing, the Court construes as a motion pursuant to Rule 60(b), Trejo takes issue with the Court's October 3, 2023 dismissal order and judgment. (ECF No. 8); *see* FED. R. CIV. P. 60(b). As stated above, the Court ordered Trejo's

---

[1] *See Trejo v. Janssen Pharm. Prods. LP*, No. 2:16-cv-00204-D (N.D. Tex. July 23, 2018) (dismissed with prejudice as frivolous); *Trejo v. Dretke*, No. 5:05-cv-00248-C (N.D. Tex. Nov. 18, 2005) (dismissed without prejudice for failure to exhaust administrative remedies); *Trejo v. Donohue, et al.*, No. 5:98-cv-00573-PMA (W.D. Tex. Dec. 14, 1999) (jury found Trejo's claims frivolous and returned verdict for defendants; district court rendered judgment based on verdict).

§ 1983 Complaint dismissed based on the three–strikes mandate in § 1915(g). (ECF Nos. 4, 5); *see* 28 U.S.C. § 1915(g). In his Complaint, Trejo sued Texas Governor Greg Abbott, numerous unnamed FBI agents, two assistant district attorneys, his brother (who is also an inmate), and his ex–wife. (ECF No. 1). The Court found his claims generally delusional, but seemingly directed toward his prior convictions. (ECF No. 4). Because Trejo has three strikes based on prior dismissals grounded upon frivolity and a failure to exhaust administrative remedies, the only way he could avoid dismissal of his Complaint was to show he was in imminent danger of serious physical injury.[2] *See* 28 U.S.C. § 1915(g). Based upon review of the allegations contained in Trejo's Complaint, the Court found he failed to meet the required showing, complaining only about his prior convictions. (ECF No. 4); *see* 28 U.S.C. § 1915(g).

Trejo's motion to reconsider is, like his Complaint, generally nonsensical, but clearly makes no mention of his three–strikes status and fails to allege or discuss the mandated requirement of imminent danger of serious physical injury. (ECF No. 8). Thus, it does not address the basis for the Court's dismissal. Given Trejo's failure to address the basis for the dismissal, the Court finds the motion should be denied; Trejo has established no basis for reconsideration. (*Id.*).

**IT IS THEREFORE ORDERED** that Trejo's motion to recuse and motion for reconsideration (ECF No. 8) are **DENIED**.

It is so **ORDERED**.

---

[2] The Fifth Circuit has held that a dismissal for failure to exhaust administrative remedies counts as a strike for purposes of 28 U.S.C. § 1915(g). *Emmett v. Ebner*, 423 F. App'x 492, 493–94 (5th Cir. 2011) (per curiam); *see Pointed v. Johnson*, 61 F. App'x 918, 918 (5th Cir. 2003) (per curiam). A dismissal for failure to exhaust counts as a strike because it is in effect a dismissal for failure to state a claim upon which relief may be granted. *Emmett*, 423 F. App'x at 493–94.

**SIGNED** this 23rd day of October, 2024.

                                    XAVIER RODRIGUEZ
                                    UNITED STATES DISTRICT JUDGE